UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Valeri Galloway and Paul Wheeler, <br><br> Plaintiffs, <br><br> v. <br><br> West Bend Insurance Company, <br><br> Defendant. | No. 3:23-cv-50217 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Valeri Galloway and Paul Wheeler bring this breach-of-contract action against West Bend Insurance Company ("West Bend"). Before the Court is West Bend's motion for judgment on the pleadings. For the following reasons, the motion is granted.

**I. Background**

Galloway and Wheeler entered into an insurance agreement with West Bend; the "Home and Highway" insurance coverage included their home, other structures on their property, and their personal property. Dkt. 1-1 at 1-2. On May 14, 2020, a tornado damaged their home and property. *Id.* at 2. The repairs weren't completed before August 10, 2020, when a derecho caused further damage. *Id.* They submitted claims for both the May and August storm-related damage, and West Bend paid for some of the cleanup, replacements for personal property, and repairs. *Id.* at 3, 6. However, there remain unpaid expenses covered by the insurance policy. *Id.*

1

## II. Legal Standard

When challenging the sufficiency of a complaint, a motion for judgment on the pleadings under Rule 12(c) is governed by the same standard for a motion to dismiss under Rule 12(b)(6). *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The only difference is timing—a Rule 12(c) motion is filed after the answer and affirmative defenses are filed. *Id.* The court views the complaint's allegations and reasonable inferences in favor of the nonmovant to decide whether the complaint states a claim that is plausible on its face. *Id.*; *Vinson v. Vermilion County*, 776 F.3d 924, 928 (7th Cir. 2015). The Court may consider documents other than the complaint "when they are referenced in the complaint and central to the plaintiff's claim." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## III. Analysis

West Bend argues that this action is time-barred by the insurance policy's two-year limitation on such actions. Under Illinois law, reasonable contractual limitations requiring suit to be brought within a specific period of time are valid. *Country Preferred Ins. Co. v. Whitehead*, 71 N.E.3d 338, 341 (Ill. App. Ct. 2016); *Florsheim v. Travelers Indem. Co.*, 393 N.E.2d 1223, 1228 (Ill. App. Ct. 1979); *Weyers v. Travelers Pers. Ins. Co.*, No. 14-cv-5070, 2015 U.S. Dist. LEXIS 164639, at *7-8 (N.D. Ill. Dec. 8, 2015). Before considering any waiver or tolling arguments, the limitations period would have expired on May 14, 2022, for Galloway and Wheeler's first claim and August 10, 2022, for the second claim. *See* Dkt. 15-1 at 25.

Both the contract and section 143.1 of the Illinois Insurance Code allow the limitations period to be tolled by filing proof of loss. Dkt. 15-1 at 70 ("[T]his two year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part."); 215 ILCS 5/143.1 ("[T]he running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part."). West Bend's requirement for proof of loss was defined in the policy under the section titled "Duties After Loss": "Send to us, within 60 days after our request, your signed, sworn proof of loss . . . ." Dkt. 15-1 at 24.

Galloway and Wheeler admit that West Bend requested a proof of loss for the May storm damage, but they say that none was requested for the August one. Dkt. 31 at 3. Setting aside that this isn't alleged in the complaint,[1] the lack of a request doesn't change either the suit limitations provision or the proof-of-loss requirement for tolling the time limit. *Cf. Trinity Bible Baptist Church v. Fed. Kemper Ins. Co.* 578, N.E.2d 1375, 1377 (Ill. App. Ct. 1991) (finding that whether a request for a proof of loss was made was irrelevant to the proof-of-loss provision's requirement for the form of the proof of loss); *Mathis v. Lumbermans Mut. Cas. Ins. Co.*, 822 N.E.2d 543, 547 (Ill. App. Ct. 2004) (finding that waiver of a proof-of-loss requirement didn't affect whether the insurer waived the time limit to bring suit). They also take issue with the fact that the proof-of-loss form's language indicates that not

---

[1] District courts have discretion in considering new facts alleged in a plaintiff's brief. *See Schmees v. HC1.com, Inc.*, 77 F.4th 483, 488-90 (7th Cir. 2023). The Court assumes that no proof of loss was requested after the August storm because it doesn't affect the outcome of this analysis.

3

submitting the sworn proof of loss "may" result in West Bend denying a claim, Dkt. 31 at 4, but that also doesn't affect the contract provision limiting the time period during which lawsuits may be brought.

Next, Galloway and Wheeler argue that West Bend is estopped from asserting its timeliness defense because of its conduct.[2] They reference only actions that West Bend took *before* the limitations period expired—the proof-of-loss form sent on July 15, 2021, the payments made before July 15, 2021, and the payment on January 19, 2022. Dkt. 31 at 4-5.[3] Although conduct before the expiration of the limitations period can lead to waiver, *see, e.g.*, *Am. Access Cas. Co. v. Tutson*, 948 N.E.2d 309, 314 (Ill. App. Ct. 2011); *Kenilworth Ins. Co. v. McDougal*, 313 N.E.2d 673, 676 (Ill. App. Ct. 1974), nothing about the payments or proof-of-loss request evinces an intent to deny Galloway and Wheeler's claims. That leaves nothing to indicate that West Bend waived the limitations period.

Galloway and Wheeler's cited authorities in which courts found waiver by estoppel are distinguishable. For example, in *Cassidy v. Luburich*, 364 N.E.2d 315

---

[2] West Bend argues that Galloway and Wheeler have waived this affirmative defense to West Bend's counterclaim, but the Court sets aside this issue. First, West Bend's motion is for judgment on Galloway and Wheeler's pleadings, and West Bend provided no authority (nor did the Court find any) stating that a plaintiff waives a response to an affirmative defense by not pleading an affirmative defense to an affirmative defense. Second, as West Bend admits, the Court has discretion to apply the waiver doctrine. And a delay in asserting an affirmative defense waives the defense only if the other party was harmed by the delay. *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 309 (7th Cir. 2010). No harm occurred here. The case is at the pleadings stage.

[3] Attaching evidentiary materials may convert a motion challenging the sufficiency of a pleading to a motion for summary judgment, *see* Fed. R. Civ. P. 12(d), but it doesn't have to. *See Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 480 n.2 (7th Cir. 2020). The Court doesn't address the issue of whether Galloway and Wheeler's affidavits were proper because including the facts offered by the affidavits doesn't affect the outcome of this analysis.

(Ill. App. Ct. 1977), despite the two-year limitations period, the insurer told the plaintiff that he had nearly three years to make a settlement. 364 N.E.2d at 318. Then, one month after the limitations period expired, the insurer reached out to the plaintiff, requesting more documentation without mentioning the expiration of the limitations period. *Id.* Galloway and Wheeler's complaint (or brief) doesn't allege comparable communication from West Bend.

The complaint was filed on May 5, 2023, which is well after May 14, 2022, and August 10, 2022. Galloway and Wheeler's claims are time-barred by the insurance policy's suit limitations period.

### IV. Conclusion

Galloway and Wheeler's complaint is dismissed without prejudice. Galloway and Wheeler have until May 20, 2024, to amend; if no amended complaint is filed by then, the dismissal will convert to a dismissal with prejudice.

Date: April 11, 2024

_____
Honorable Iain D. Johnston
United States District Judge