IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Valeri Galloway and Paul Wheeler, <br><br> Plaintiffs, <br><br> v. <br><br> West Bend Insurance Company, <br><br> Defendant. | Case No.: 23-cv-50217 <br><br> Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Valeri Galloway and Paul Wheeler brought this breach of contract action against West Bend Insurance Company ("West Bend"), for what they claim are unpaid insurance proceeds under their agreed insurance policy. After the Court granted West Bend's motion for judgment on the pleadings, Galloway and Wheeler filed an amended Complaint and West Bend renewed its motion for judgment on the pleadings. For the following reasons, the renewed motion is also granted.

I. **Background**

Plaintiffs Valeri Galloway and Paul Wheeler suffered severe property damage when their home was hit by a tornado in May 2020. Am. Compl. (Dkt. 35), ¶ 8. Two months later, before the repairs could be completed, a derecho caused further damage to the home. *Id.* ¶ 11. Galloway and Wheeler submitted insurance claims to the Defendant, West Bend Insurance Company, and, under their agreed insurance policy ("the Policy"), West Bend paid for some cleanup, repairs, and replacements for

1

personal property. *See id.* ¶ 46. However, the Plaintiffs allege that their policy covers more than West Bend paid. *Id.* ¶¶ 47—50.

West Bend argues that the suit is time-barred, under a provision of the Policy, requiring when an action must be filed:

> No action can be brought against us unless there has been full compliance with all of the terms under Section 1 of the homeowner coverage form and the action is started within two years after the date of loss.
>
> However, this two year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part.
>
> Renewed Mot. for J. on Pleadings (Dkt. 46), 4; Answer to Compl. (Dkt. 15), 25.

The Policy also immunizes West Bend against paying losses to a covered property if the insured fails to submit a signed, sworn proof-of-loss sheet within 60 days of West Bend's request. Dkt. 46 at 5. Galloway and Wheeler admit that they never submitted proof of loss for either storm. Answer to Counterclaim (Dkt. 43), ¶ 17. They note, however, that the May proof-of-loss form was sent to their public adjuster, Premier Claims, and that they never received a second form. *Id.* at ¶ 15.

In August 2022, Galloway and Wheeler asked West Bend whether it planned to enforce the two-year provision under the Policy. Answer to Am. Compl. (Dkt. 39-1), 1. West Bend responded one hour later, stating that the two-year limitation applied to both claims, and it would not consider granting an extension. *Id.* So, the two-year periods ran, respectively, in May and August 2022. Galloway and Wheeler filed the instant lawsuit in May 2023.

West Bend then moved for judgment on the pleadings, arguing that Galloway and Wheeler's suit is time-barred, per the Policy. *See generally* Dkt. 29. This Court found that the two-year limitations period in fact applied and dismissed Plaintiff's initial Complaint without prejudice. *See generally* Dkt. 33. Then, the whole process repeated. The Plaintiffs amended their Complaint and West Bend again moved for judgment on the pleadings.

**II.     Legal Standard**

When challenging the sufficiency of a complaint, a motion for judgment on the pleadings under Rule 12(c) is governed by the same standard for a motion to dismiss under Rule 12(b)(6). *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The only difference is timing—a Rule 12(c) motion is filed after the answer and affirmative defenses are filed. *Id*. The court views the complaint's allegations and reasonable inferences in favor of the nonmovant to decide whether the complaint states a claim that is plausible on its face. *Id.*; *Vinson v. Vermilion County*, 776 F.3d 924, 928 (7th Cir. 2015). The Court may consider documents other than the complaint "when they are referenced in the complaint and central to the plaintiff's claim." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

### III. Analysis

As a preliminary matter, West Bend correctly states that a two-year limitations period applies. And, frankly, it's not clear whether the Plaintiffs contest that point. They urge the Court to apply the ten-year statutory period for breach of contract actions under Illinois law, but only because—in their view—West Bend waived its contractual suit limitation, or at least, is estopped from asserting it. Pl.s' Resp. to Mot. for J. on the Pleadings (Dkt. 49), 1. This argument is hard to follow. Discerning which limitations period applies is a separate inquiry than determining whether the limitations period was ever paused.

One step at a time. To the extent the Plaintiffs argue that the limitations periods end in 2031, they're wrong. Under Illinois law, reasonable contractual limitations requiring suit to be brought within a specific timeframe are valid. *Country Preferred Ins. Co. v. Whitehead*, 71 N.E.3d 338, 341 (Ill. App. Ct. 2016); *Florsheim v. Travelers Indem. Co.*, 393 N.E.2d 1223, 1228 (Ill. App. Ct. 1979). As this Court held on West Bend's first motion for judgment on the pleadings, this two-year limitation is both reasonable and enforceable. *Galloway v. W. Bend Ins. Co.*, 2024 U.S. Dist. LEXIS 66407, at *3 (N.D. Ill. Apr. 11, 2024); *see also Cramer v. Insurance Agency*, 174 Ill.2d 513, 513 (1996).

Although both limitations periods expired in 2022, Gallaway and Wheeler offer three reasons that their failure to sue within the two-year period should be excused: first, they argue that the limitations periods were tolled for an unspecified amount of time; second, West Bend allegedly waived its limitation provision; and third, the

4

Plaintiffs argue that West Bend is equitably estopped from asserting its contractual rights. *See generally* Dkt. 49. None of these arguments are persuasive.

### a. Tolling

First, the Plaintiffs argue that West Bend tolled the limitations periods by failing to provide a proof-of-loss form. *See id.* at 2. The Policy expressly stated that the limitations period is "extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part." *Id.* at 3. That principle echoes in Illinois law. 215 ILCS 5/143.1 ("[T]he running of such period is tolled from the date proof of loss is filed, *in whatever form is required by the policy*, until the date the claim is denied in whole or in part.") (emphasis added). West Bend's requirement for proof of loss was defined in the Policy under the section titled "Duties After Loss": "Send to us, within 60 days after our request, your signed, sworn proof of loss . . . ." Dkt. 15-1 at 24.

This tolling provision was never triggered, though. By the Plaintiffs' own admission, they never submitted proof of loss. Dkt. 43 at ¶ 17. Galloway and Wheeler insist that they were never provided with that document, because it was instead tendered to their agent, Premier Claims. *Id.* But the Court has previously rejected that argument, indeed, in this very case:

> [T]he lack of a request doesn't change either the suit limitations provision or the proof-of-loss requirement for tolling the time limit. *Cf. Trinity Bible Baptist Church v. Fed. Kemper Ins. Co.* 578, N.E.2d 1375, 1377 (Ill. App. Ct. 1991) (finding that whether a request for a proof of loss was made was irrelevant to the proof-of-loss provision's requirement for the form of the proof of loss); *Mathis v. Lumbermans Mut. Cas. Ins. Co.*, 354 Ill.App.3d 854, 290 Ill.

5

> Dec. 958, 822 N.E.2d 543, 547 (Ill. App. Ct. 2004) (finding that waiver of a proof-of-loss requirement didn't affect whether the insurer waived the time limit to bring suit). They also take issue with the fact that the proof-of-loss form's language indicates that not submitting the sworn proof of loss "may" result in West Bend denying a claim, Dkt. 31 at 4, but that also doesn't affect the contract provision limiting the time period during which lawsuits may be brought.

*Galloway*, 2024 WL 1579397, at *2.

Galloway and Wheeler brought the same arguments in their Amended Complaint and responsive pleadings. So, the song remains the same. Because Galloway and Wheeler never filed proof of loss, the limitations periods were never tolled. Unless West Bend waived the term or, through its conduct is estopped from relying on the timeframe, the 2022 deadlines remain enforceable.

### b. Waiver

Despite presumably intending to invoke two distinct doctrines, Galloway and Wheeler use the terms "waiver" and "estoppel" interchangeably. But waiver and estoppel are two different doctrines. *Salloum Foods & Liquor, Inc. v. Parliament Ins. Co.*, 69 Ill. App. 3d 422, 428 (1979) (collecting cases). So, before getting any further, it's wise to clear things up.

"Waiver arises from an affirmative act and not by operation of law. It is consensual and consists of the intentional relinquishment of a known right." *W. Cas. & Sur. Co. v. Brochu*, 105 Ill. 2d 486, 499 (1985). Estoppel, on the other hand, applies when an insurance company induces the insured party to reasonably believe that his claim can be settled without litigation. *Hurtt v. Davidson*, 84 Ill. App. 3d 681, 682 (1980).

6

With this distinction in mind, West Bend never waived its limitations period. Waiver is only available when an insurer's words or conduct were "inconsistent with its intention to rely on the requirements of the policy." *Florsheim,* 30 Ill. Dec. at 876. But, in this case, the Plaintiffs allege no affirmative conduct by West Bend that was inconsistent with an intention to enforce the suit limitations provision. In fact, three days before the August limitations period expired, West Bend reaffirmed its rights under the contract by informing the Plaintiffs that it intended to enforce the clause. Dkt. 39-1 at 1.

Galloway and Wheeler argue that West Bend waived the limitations provision by continuing to handle their claims after each limitation period expired. But West Bend only continued to insure the Plaintiffs under the Policy. It did not, by extension, agree to be sued after the two-year limitations period expired on each loss.

### c. Estoppel

Finally, Galloway and Wheeler argue that West Bend is estopped from asserting a limitations defense. Dkt. 49 at 4—5. Estoppel may be found only "where negotiations are such as to lull the insured into a false security, thereby causing him to delay the assertion of his rights." *Sponemann v. Country Mut. Ins. Co.*, 120 Ill. App. 3d 211, 219 (1983). "Cases in which an insurer's conduct is found to amount to estoppel typically involve a concession of liability by the insurer, advance payments by the insurer to the plaintiff in contemplation of eventual settlement, and statements by the insurer which encourage the plaintiff to

7

delay filing his action." *Foamcraft, Inc. v. First State Insurance Co.*, 238 Ill. App. 3d 791, 795 (1992).

West Bend took none of these actions. Before the first limitations period expired in May 2022, West Bend made a partial payment. *See* Dkt. 35 at ¶ 51—53. And even when the Plaintiffs requested additional damages, West Bend made no efforts to renegotiate. *Id.* at ¶ 36—38. When West Bend refused to pay storage costs in May 2022, *id.* at ¶ 36, Galloway and Wheeler were certainly on notice that litigation may be necessary to resolve their claims. And though they still had three months remaining to file a timely lawsuit on the August loss, they failed to do so. *See Florsheim,* 30 Ill. Dec. at 883 (insurer who denied a claim three months before the limitations period expired not estopped from raising a limitations defense); *Doll v. Farmers Auto. Ins. Ass'n,* 370 N.E.2d 258, 261 (1977) (same, but with a denial only two weeks before the period expired).

Galloway and Wheeler were likewise on notice of the need for litigation before the first limitations period expired. In their own words, the Plaintiffs contested the amount of damages owed "[l]ong before the expiration of the 2 year [sic] period for either claim." Dkt. 49 at 2. So, likely, Galloway and Wheeler have pled themselves out of court. *See Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (a plaintiff risks pleading himself out of court if he "alleges facts showing that he isn't entitled to a judgment."). The Court need not ignore this allegation. *See Slaney v. Int'l Amateur Athletic Fed.*, 244 F.3d 580, 597 (7th Cir. 2001); *Northern Ind. Gun &*

8

*Outdoor Shows v. City of S. Bend*, 163 F.3d 499, 452 (7th Cir. 1998); *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993).

Galloway and Wheeler offer three reasons they believed West Bend would eventually offer additional payments, despite long-term disputes. First, they insist that, after the first limitations period expired in May 2022, West Bend "was required to advise the [P]laintiffs that any losses being claimed as a result of the May 14, 2020, loss were time-barred." Dkt. 49 at 3. But that's not true.

Under long-standing, well-settled Illinois law, insurers have no obligation to remind the insured of her duties under an insurance policy. *Florsheim*, 75 Ill. App. 3d at 884 (car insurer who failed to mention the two-year limitations period before it expired could still enforce that provision, as stated in the policy) (collecting cases showing that an "insured is charged with notice of the contents of the insurance policy.").

Second, Galloway and Wheeler note that West Bend continued to process their claims after both limitations periods expired. And they're right that "[p]ost-expiration conduct could be considered as additional evidence in determining whether there has been estoppel. Where, however, as in this case, there is no pre-expiration conduct sufficient to induce any reasonable reliance, the post-expiration conduct illustrates nothing." *Axia*, 150 Ill. App. 3d at 653.

Before the limitations periods expired, there's no allegation that Galloway and Wheeler were swayed by any misrepresentations from West Bend. There are no facts

9

in the record to support an assertion that West Bend offered advance payment, encouraged the Plaintiffs not to sue, or otherwise represented that it would settle the claims. So, taking the Plaintiffs' factual allegations as true, there's no basis to estop West Bend from enforcing its contract.

Third, Galloway and Wheeler argue that they believed West Bend would tender additional payments under the Policy because it never denied their claims outright. Dkt. 49 at 3. But in *Amber Grove Homeowners Ass'n v. QBE Ins. Corp.*, the Illinois Court of Appeals rejected this same argument, refusing to estop an insurance company from asserting a two-year limitations period, even though the insurer hadn't denied the claim entirely. 2013 U.S. Dist. LEXIS 54382, at *16 (N.D. Ill. Apr. 17, 2013).

In *Amber Grove*, as in this case, the insurer acknowledged that they were liable for a portion of the loss, and the insured sought a larger recovery. *Id*. But in both cases, the plaintiffs offer "no explanation of how this acknowledgement misled [them] in any way." *Id*. Nor can they show that they were swayed by any alleged misrepresentations from the insurance company.

With those arguments discarded, the Plaintiffs' only basis for estoppel is the pendency of negotiation between the Parties. As held in *Sponemann*, though, "the mere pendency of negotiations between the parties will not, of itself, give rise to an estoppel." 120 Ill. App. 3d at 219. With that, there's no basis to estop West Bend from enforcing the contractual provision; the Court sees no allegations supporting the

10

inference that West Bend made—much less that the Defendants relied on—any misrepresentations regarding the scope of coverage for either storm.

## IV. Conclusion

Galloway and Wheeler's Amended Complaint is dismissed without prejudice. Galloway and Wheeler have until December 20, 2024, to amend; if no amended complaint is filed by then, the dismissal will convert to a dismissal with prejudice.

Entered: November 21, 2024    By:_____
Iain D. Johnston
U.S. District Judge

11