IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Valeri Galloway and Paul Wheeler, <br><br> Plaintiffs, <br><br> v. <br><br> West Bend Insurance Company, <br><br> Defendant. | Case No.: 23-cv-50217 <br><br> Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

For the third and final time, the Court grants Defendant West Bend's motion for judgment on the pleadings. To briefly summarize, Plaintiffs Valeri Galloway and Paul Wheeler claim that their homeowner's insurance wrongfully refused to cover property damage caused by a tornado in May 2020 and a derecho in August 2020. But, as the Court's prior orders explain, both claims are time-barred by the Parties' agreed insurance policy. Dkt. 33, 51. And the Second Amended Complaint doesn't change this; it primarily adds that Galloway and Wheeler delayed filing this suit because West Bend's agent promised to satisfactorily resolve both claims without litigation. Dkt. 52, ¶¶ 21–35.[1] For the reasons explained below, that's not enough.

---

[1] As with the prior 12(c) motions, the Court views the complaint's allegations and reasonable inferences in favor of the nonmovant to decide whether the complaint states a claim that is plausible on its face. *Vinson v. Vermilion County*, 776 F.3d 924, 928 (7th Cir. 2015). West Bend bears the burden of establishing the insufficiency of the Plaintiffs' allegations. *See Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

1

Despite some new allegations in their Second Amended Complaint, Galloway and Wheeler make all the same arguments; they continue to conflate equitable estoppel with waiver, call for a ten-year limitations period, and even cut and paste pages from their prior response. To the extent Galloway and Wheeler stand on their previous arguments, the Court stands on its own Orders. Dkts. 33, 51; *see Hernandez v. Williams*, No. 23-cv-50267, 2025 U.S. Dist. LEXIS 44789, at *5 (N.D. Ill. Mar. 12, 2025) (noting the dangers of copy-paste pleading). West Bend properly enforced a valid contractual provision requiring all suits to be brought within two years of loss. It refused to waive the limitations periods upon request. Dkt. No. 54-9, 4.

On a liberal reading of the Second Amended Complaint and subsequent pleadings, Galloway and Wheeler want to estop West Bend from enforcing the limitations periods because they detrimentally relied on an agent's promise to resolve the claims internally. This argument more closely resembles equitable estoppel than waiver. But not exactly. Equitable estoppel suspends the statute of limitations for the time that the defendant took *active steps* to prevent the plaintiff from suing and the plaintiff reasonably relied on that active concealment. *Jay E. Hayden Foundation v. First Neighbor Bank, N.A.*, 610 F.3d 382, 385 (7th Cir. 2010); *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 779 (7th Cir. 2000). Contrastingly, Gallway and Wheeler's Second Amended Complaint relies on West Bend's *inaction.*

It's true that West Bend didn't mail formal denials, anticipatorily affirm its rights under the contract, or warn Galloway or Wheeler as the deadlines fast approached. But it didn't bury the lede either. *Compare Gibson v. West*, 201 F.3d

2

990, 994 (7th Cir.2000) (listing affirmative acts "such as hiding evidence or promising not to plead the statute of limitations") *with* Dkt. 52, ¶ 24 ("request[ing] that a lawsuit not be filed and represent[ing that West Bend] would properly handle the claims to the satisfaction of both Plaintiffs"). West Bend never engaged in intentional deceit or misrepresentation—or any affirmative acts, for that matter. It simply processed the claims as it saw fit under the contract until sending a formal denial in May 2023. The limitations periods continued to run in the meantime.[2]

As Galloway and Wheeler note, both claims were contractually time-barred even before they received notice of a formal denial. That's unfortunate, but it doesn't mean that West Bend should be estopped from asserting its rights under the contract. A "party claiming the benefit of an estoppel cannot shut his eyes to obvious facts, or neglect to seek information that is easily accessible, and then charge his ignorance to others." *Nickels v. Reid*, 661 N.E.2d 442, 447–48 (Ill. App. Ct. 1996) (internal quotation marks and citation omitted); *see Axia Inc. v. I.C. Harbour Const. Co.*, 150 Ill. App. 3d 645, 653 (1986). So, Galloway and Wheeler aren't entitled to equitable estoppel merely because they failed toll the limitations period through ordinary channels. And the Court can't toll the limitations periods on its own initiative; "denial of liability is not a basis for equitable estoppel—otherwise a statute of limitations

---

[2] Under the terms of the Parties' contract, limitations periods are typically tolled until West Bend issues a formal denial. As previously explained, however, Galloway and Wheeler never triggered that provision because they failed to submit a proof-of-loss form to their insurance company. Dkt. 51, 5.

would never run unless the potential defendant confessed error before he was sued!" *Stephan v. Goldinger*, 325 F.3d 874, 877 (7th Cir. 2003).

The Court is sympathetic to the fact that Galloway and Wheeler were temporarily stuck in a holding pattern while waiting for West Bend to finalize its decision. But ultimately, Galloway and Wheeler had two years to diligently pursue a resolution—including by insisting on a final answer before the limitations periods closed. By their own admission, both knew that litigation may be necessary well before the close of the first period. Dkt. No. 52, ¶ 26. But they didn't file suit for a year *after* that realization. And even on their third attempt, they don't attribute that delay to any affirmative misconduct by West Bend.

For the reasons already stated—both here and in the Court's previous Orders—West Bend's motion for judgment on the pleadings [57] is granted. District courts "have broad discretion to deny leave to amend where there is . . . repeated failure to cure deficiencies . . . or where the amendment would be futile."[3] *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008). "But in court, as in baseball, three strikes and you're out." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 819 (7th Cir. 2013).

---

[3] Even if West Bend could potentially identify affirmative misconduct in a third amended complaint, further leave to amend would probably be futile. Equitable estoppel only applies when the "plaintiff's reliance on a defendant's conduct [is] 'both actual and reasonable.'" *Franklin v. Warmington*, 709 F. App'x 373, 374–75 (7th Cir. 2017) (quoting *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 779 (7th Cir. 2000)). Though the Court doesn't reach that question today, it doubts that Galloway and Wheeler could have reasonably waited a year to file suit, based only on West Bend's promise to satisfactorily handle the claims. That promise is implied (though not necessarily fulfilled) in all insurance policies.

4

On West Bend's third motion for judgment on the pleadings, this suit is dismissed with prejudice.

Entered: April 16, 2025     By:_ _____
                                Iain D. Johnston
                                U.S. District Judge